UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ADAMS,

        Plaintiff,                                           Case No. 16-cv-11764
vs.                                                           HON. MARK A. GOLDSMITH

MESTEK MACHINERY, INC.,

        Defendant.
_____/

## OPINION & ORDER
## DENYING DEFENDANT'S MOTION FOR RECONSIDERATION (Dkt. 32)

Before the Court is Defendant Mestek Machinery, Inc.'s ("Mestek") motion for reconsideration (Dkt. 32), which asks the Court to reconsider its November 9, 2017 decision denying Mestek's motion for summary judgment (Dkt. 19). See Adams v. Mestek Mach., Inc., No. 16-11764, 2017 WL 5192248 (E.D. Mich. Nov. 9, 2017). After reviewing Mestek's motion, the Court finds no basis for reconsideration.

### I. ANALYSIS

Local Rule 7.1(h)(3) sets forth the grounds for granting a motion for reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). A "palpable defect" is one "which is obvious, clear, unmistakable, manifest, or plain." Mich. Dep't of Treasury v. Michalec, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002).

1

In the Court's Opinion and Order denying Mestek's motion for summary judgment, it held that while Plaintiff Robert Adams misused Mestek's Slear machine when he entered the machine from the wrong door, the machine's design made this misuse reasonably foreseeable. As a result, the Court held that Mestek was not entitled to summary judgment on this basis. In its motion for reconsideration, Mestek does not challenge the Court's conclusion regarding Adams's entry into the machine. Instead, it contends that the Court erred by failing to rule on the issue of whether Adams's failure to adhere to the lock out, tag out procedure prior to entering the machine constituted foreseeable misuse.

By way of background, the Slear machine was allegedly sold with a safety manual that recommended a lock out, tag out practice, under which the individual who enters the machine locks off the power to the machine, places a tag on the lock indicating that he has locked the machine, and takes the key with him into the machine. This process is meant to ensure that no one will activate the machine while someone is in direct contact with the machine. Mestek argues that the Court's failure to address and hold that Adams's failure to abide by the lock out, tag out procedure was not a foreseeable misuse amounted to palpable error.

As Mestek acknowledges, the Court did not ignore the lock out, tag out issue in its opinion. In footnote one of the opinion, the Court stated as follows:

> In its motion, Mestek alludes to Adams's failure to use a "lock out, tag out" device to power off the machine prior to cleaning. Mestek briefly notes that its safety manual advises customers to make sure the power is locked off prior to servicing the machine. However, because neither party has briefed whether the failure to use the "lock out, tag out" device actually constituted misuse, or whether this misuse was foreseeable, and because Adams disputes that AutoSteel was ever provided with the safety manual, the Court only considers whether use of the blue door constituted foreseeable misuse.

Adams, 2017 WL 5192248, at *2 n. 1.

2

Mestek begins its motion for reconsideration by disputing Adams's contention that AutoSteel, Adams's employer, was never provided the safety manual outlining the lock out, tag out procedure. However, even assuming Mestek is correct that there is no genuine dispute that AutoSteel received the manual, the Court's decision not to address whether Adams's failure to lock out, tag out constituted foreseeable misuse stemmed from Mestek's failure to meaningfully brief the issue.

In its motion for summary judgment, Mestek focused primarily on Adams's failure to enter the Slear through the door that contained an interlock device, with only passing references to the lock out, tag out procedure set forth in the safety manual. In its motion, Mestek relied on Cobbs v. Schwing America Inc., No. 04-72136, 2006 WL 334271 (E.D. Mich. Feb. 13, 2006) and Fjolla v. Nacco Materials Handling Group., Inc., No. 281493, 2008 WL 5158892, at *1 (Mich. Ct. App. Dec. 9, 2008), in an attempt to analogize Adams's failure to enter the machine through the correct door to other instances where courts had found misuse to be unforeseeable. Mestek argued "[l]ike the defendant in Fjolla, Defendant Mestek could not reasonably foresee that AutoSteel would permit its employees, including Mr. Adams, to enter the machine through the blue panel (which were bolted on) [sic], rather than using the yellow door, which was equipped with an interlock device." Def. Mot. at 15; see also id. ("Like the plaintiffs in Cobb and Fjolla, Plaintiff alleges that Defendant Mestek negligently designed the Slear II . . . Yet, Defendant Mestek's design included a safety feature [the interlock device] that would have prevented Plaintiff's injury if the produce [sic] was used properly."). In contrast, Mestek did not cite any cases for the proposition that a failure to use a lock out, tag out procedure constituted unforeseeable misuse. The issue was only briefly addressed in both Mestek's opening brief, see id. at 5-6, 14, and its reply.

Now, in its motion for reconsideration, Mestek relies on two cases that touch on whether failure to abide by a lock out tag out procedure constitutes misuse, neither of which was cited in the summary judgment briefing. "It is well-settled that parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." Bank of Ann Arbor v. Everest Nat. Ins. Co., 563 F. App'x 473, 476 (6th Cir. 2014) (internal citation and quotations omitted); see also Gering v. Fraunhofer USA, Inc., No. 05-73458, 2008 WL 623972, at *1 (E.D. Mich. Mar. 6, 2008) ("[T]here is no new argument in Gesellschaft's Motion for Reconsideration, and the only thing different is that there are a few new cases cited. Accordingly, the Court concludes that Gesellschaft has not demonstrated that there is a palpable defect by which the Court has been misled such that relief pursuant to E.D. Mich. L.R. 7.1(g) is warranted.").

The alleged failure to abide by the lock out, tag out procedure raises several issues as it relates to misuse, none of which was briefed at the summary judgment stage. For instance, in its opening brief, Mestek argued that, in addition to entering the machine through the wrong door, Adams's injury was caused by "AutoSteel's failure to implement a lock out, tag out procedure." Def. Mot. at 14. Mestek did not elaborate on whether an employer's failure to implement a safety procedure could serve as grounds for barring an employee's product liability action against the manufacturer. Yet there is authority holding that a manufacturer cannot, as a general matter, immunize itself from liability from claims by employees involving hazardous products by giving warnings to employers. See Mann v. Lincoln Elec. Co., No. 06-17288, 2010 WL 4117417, at *8 (N.D. Ohio Oct. 15, 2010) (manufacturer not necessarily relieved of duty to warn employee-user by warning employer). Indeed, in its motion for reconsideration, Mestek again asserts that AutoSteel's failure to implement this policy constitutes misuse on Adams's part, without

4

explaining why he should be penalized by the loss of a claim for serious injury for his employer's mistake.  See Def. Mot for Recon. at 10.

Even if this failure by AutoSteel to implement the lock out, tag out policy could be imputed to Adams, Mestek did not brief how the failure to lock out and tag out prior to entering the machine constituted misuse within the meaning of Mich. Comp. Laws § 600.2945(e), and if so, whether such misuse was reasonably foreseeable.  While it now briefs these issues with supporting case law in its motion for reconsideration, the law is clear that a motion for reconsideration is not the proper vehicle to assert new arguments.  See Bank of Ann Arbor, 563 F. App'x at 476.

Because Mestek did not meaningfully brief the lock out, tag out issue at the summary judgment stage, it is not permitted to reexamine and supplement this issue on a motion for reconsideration.  As a result, Mestek's motion is denied.

## II. CONCLUSION

Because Mestek has failed to identify a palpable defect by which this Court has been misled, the Court denies its motion for reconsideration (Dkt. 32).

SO ORDERED.

Dated:  May 11, 2018　　　　　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 11, 2018.

　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky
　　　　　　　　　　　　　　　　　　　　Case Manager